UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORITA DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0694-B |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s motion to dismiss (Doc. 12).[1] For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion (Doc. 12). Though the Court **DISMISSES** Plaintiff Lorita Davis's complaint, it also grants Davis leave to amend her complaint to remedy the deficiencies noted by the Court.

## I.

## BACKGROUND

In an attempt to prevent foreclosure of her home, Davis filed this action in state court. *See* Doc. 1-4, Pl.'s Original Pet., 1. In her complaint,[2] Davis alleges that Wells Fargo failed to provide notice of default before attempting to foreclose upon Davis's home. *Id.* at 2–3. Based on this failure,

---

[1] Wells Fargo filed its motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 12, Def.'s Mot. to Dismiss, 1. But because Wells Fargo filed an answer in state court before removing the case to this Court, see Doc. 1-8, Def.'s Original Answer, the Court treats Wells Fargo's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Allen v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 3421067, at *2 (N.D. Tex. Aug. 9, 2017) (citing FED. R. CIV. P. 12(b)).

[2] Though Davis's operative complaint is titled a "petition," the Court refers to it as a complaint, given that the case is now in federal court.

Davis brings a breach-of-contract claim, seeking actual damages, attorneys' fees, court costs, and a temporary restraining order. *Id.* at 3.[3] In state court, Plaintiff obtained a temporary restraining order that prohibited Wells Fargo from foreclosing upon the property. *See* Doc. 1-4, Pl.'s Original Pet., 3; Doc. 1-5, TRO.

On March 20, 2019, after filing an answer in state court, Wells Fargo removed the lawsuit to federal court on the basis of diversity jurisdiction. *See* Doc. 1, Notice of Removal, 2; Doc. 1-8, Def.'s Original Answer. Now, Wells Fargo seeks dismissal of Davis's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 12, Def.'s Mot. to Dismiss, 1–2. With all briefing submitted, the motion is now ripe for review.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing

---

[3] In its motion, Wells Fargo addresses both: (1) a breach-of-contract claim, and (2) a wrongful-foreclosure claim. *See* Doc. 12, Def.'s Mot. to Dismiss, 3–7. The latter claim is based on Davis's allegation that Wells Fargo violated the notice requirements of Texas Property Code § 51.002(d). *See id.* at 6; Doc. 1-4, Pl.'s Original Pet., 3. But since Davis indicates that she has not pled a wrongful-foreclosure claim, *see* Doc. 18, Pl.'s Resp., 4, the Court addresses only the breach-of-contract claim—the single theory of recovery in the operative complaint. *See* Doc. 1-4, Pl.'s Original Pet., 3.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court's review is limited to a plaintiff's allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.

## ANALYSIS

A.   *Davis Fails to Allege Facts Sufficient to Support the Elements of her Breach-of-Contract Claim.*

To avoid dismissal, Davis must allege facts sufficient to show the elements of a breach-of-contract claim. Under Texas law, a breach-of-contract claim requires the plaintiff to show:

"(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quotation marks omitted) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Davis has not sufficiently alleged elements: (2) performance of the contract by Davis; (3) breach of the contract by Wells Fargo; or (4) damages Davis has sustained as a result of a breach by Wells Fargo. Based on these deficiencies, the Court **DISMISSES** Davis's breach-of-contract claim.

1. <u>Davis has not alleged sufficient facts to demonstrate that she performed under the contract.</u>

To sustain her breach-of-contract claim, Davis must also allege facts sufficient to show that she performed on the contract. *See Mullins*, 564 F.3d at 418 (citation omitted). Because Davis is alleging a breach of a deed of trust,[4] she must allege that she "performed [her] contractual obligations by remaining current on [her] mortgage payments until the alleged breach." *See Metcalf v. Deutsche Bank Nat'l Tr. Co.*, 2012 WL 2399369, at *10 (N.D. Tex. June 26, 2012) (citation omitted). As Wells Fargo notes, Davis fails to do so here. *See* Doc. 12, Def.'s Mot. to Dismiss, 3. Moreover, though Davis suggests that an allegation "that she is not in default" is an affirmative defense, and thus she need not include such an allegation, see Doc. 18, Pl.'s Resp., 4, this contention contradicts the law: Davis must allege her performance of the deed of trust in order to maintain her claim for the breach of the deed of trust. *See Metcalf*, 2012 WL 2399369, at *10. Because Davis has not done so, the

---

[4] Though Davis's complaint alleges the breach of "security documents," see Doc. 1-4, Pl.'s Original Pet., 3, Davis clarifies in her response that she is specifically referring to the breach of provisions in "the note and deed of trust." Doc. 18, Pl.'s Resp., 3.

Court **GRANTS** Wells Fargo's motion to the extent it seeks dismissal of Davis's breach-of-contract claim and **DISMISSES** Davis's claim.

  2. <u>Davis failed to sufficiently allege a breach of contract by Wells Fargo.</u>

Moreover, to withstand Wells Fargo's motion, Davis must additionally plead facts sufficient to show a breach of contract by Wells Fargo. *See Mullins*, 564 F.3d at 418 (citation omitted). In Davis's complaint, she asserts that she "has received no notice [of default]" as required by "the security documents" and Texas Property Code § 51.002. Doc. 1-4, Pl.'s Original Pet., 3. Wells Fargo, however, points out that Davis fails to identify a specific provision of a contract that Wells Fargo has allegedly breached, as required to withstand dismissal of a breach-of-contract claim. Doc. 12, Def.'s Mot. to Dismiss, 4–5 (collecting cases). In response, Davis asserts that she has pled sufficient facts to show that Wells Fargo "breached the notice provisions of the note and deed of trust." Doc. 18, Pl.'s Resp., 3.

The Court disagrees with Davis, concluding that Davis has not sufficiently pled facts supporting a breach by Wells Fargo. "[A] claim for breach of a note of deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam) (citation omitted); *accord Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014). Here, Davis does not attach an alleged contract between her and Wells Fargo—much less identify a specific provision breached by Wells Fargo. *See* Doc. 1-4, Pl.'s Original Pet. Rather Davis states only that the failure to provide notice breaches "the security documents . . . ." *Id.* at 3. Under these circumstances, Davis has not sufficiently alleged a breach of contract and the Court **DISMISSES** Davis's claim on this additional basis.

### 3. Davis did not allege facts sufficient to establish damages she sustained.

To avoid dismissal, Davis must also allege facts sufficient to demonstrate damages sustained as a result of Wells Fargo's alleged breach. *See Mullins*, 564 F.3d at 418 (citation omitted). In her complaint, Davis requests actual damages. Doc. 1-4, Pl.'s Original Pet., 3. Yet Wells Fargo argues that because Davis obtained a temporary restraining order to prevent foreclosure of her property, she has not suffered any actual damages. Doc. 12, Def.'s Mot. to Dismiss, 5. In response, Davis suggests that Wells Fargo ignores the statement in her request for a temporary restraining order "that the property is her homestead and is unique and she lose [sic] the property forever." Doc. 18, Pl.'s Resp., 4.

Because Davis has not alleged what actual damages she suffered, this Court concludes that Davis has not sufficiently pled damages to support her breach-of-contract claim. *See Lott v. Wells Fargo Bank, NA*, 2018 WL 4376413, at *2 (N.D. Tex. Aug. 22, 2018), *report and recommendation adopted by* 2018 WL 4362632 (N.D. Tex. Sept. 13, 2018) (reasoning that the plaintiff did not adequately allege damages resulting from a pending foreclosure where the foreclosure never actually occurred). Moreover, though Davis also seeks attorneys' fees in addition to actual damages, see Doc. 1-4, Pl.'s Original Pet. 3, "such a claim does not constitute actual damages sufficient to sustain [Davis's] breach of contract claim." *Lott*, 2018 WL 4376413, at *2 (citing *Vianet Grp. PLC v. Tap Acquisition, Inc.*, 2016 WL 4368303, at *9 (N.D. Tex. Aug. 16, 2016)). Accordingly, the Court **DISMISSES** Davis's breach-of-contract claim based on, in addition to the other deficiencies, her failure to allege actual damages sustained.

B.  *Because the Court Dismisses Davis's Breach-of-Contract Claim, her Request for Injunctive Relief Also Fails.*

To obtain injunctive relief under Texas law, Davis must have a viable underlying cause of action. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing, *e.g.*, *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)). Here, since this Court has dismissed Davis's only cause of action alleged in her complaint—a breach-of-contract claim—the Court **DISMISSES** Davis's request for a temporary protective order. *See* Doc. 1-4, Pl.'s Original Pet., 3.

C.  *The Court Permits Davis to Amend her Complaint.*

Wells Fargo insists that the Court dismiss Davis's claim with prejudice, contending that any amendment would be futile. Doc. 12, Def.'s Mot. to Dismiss, 8. But dismissal of a claim short of a merits review is not taken lightly by this Court. Thus, a plaintiff should be given the opportunity to amend a complaint where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted"). Thus, the Court **DENIES** Wells Fargo's motion to the extent that it seeks dismissal of Davis's complaint with prejudice. Further, if Davis is able to replead her breach-of-contract claim to overcome the grounds stated herein for dismissal, she should do so on or before January 31, 2020. Failure to replead will result in dismissal of Davis's claim with prejudice.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Wells Fargo's motion (Doc. 12) and **DISMISSES** Davis's complaint **WITHOUT PREJUDICE**. But the Court also **DENIES IN PART** Wells Fargo's motion by permitting Davis to file an amended complaint. Davis must file any amended complaint on or before **January 31, 2020.**

**SO ORDERED.**

**SIGNED: January 23, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE