UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LORITA DAVIS, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0694-B |
| WELLS FARGO BANK N.A., | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Judgment on the Pleadings (Doc. 24). For the reasons that follow, the Court **GRANTS** Wells Fargo's motion (Doc. 24) and **DISMISSES** all of Plaintiff Lorita Davis's claims **WITH PREJUDICE.**

I.

BACKGROUND

In an attempt to prevent foreclosure of her home, Davis filed this action in state court. *See* Doc. 1-4, Pl.'s Original Pet., 1. In her original complaint, Davis alleged that Wells Fargo failed to provide notice of default before attempting to foreclose upon Davis's home. *Id.* at 2–3. Based on this alleged failure, Davis brought a breach-of-contract claim, seeking actual damages, attorneys' fees, court costs, and a temporary restraining order. *Id.* at 3. In state court, Plaintiff obtained a temporary restraining order (TRO) that prohibited Wells Fargo from foreclosing upon the property. *See id.*; Doc. 1-5, TRO.

On March 20, 2019, after filing an answer in state court, Wells Fargo removed the lawsuit to federal court on the basis of diversity jurisdiction. *See* Doc. 1, Notice of Removal, 2; Doc. 1-8,

- 1 -

Def.'s Original Answer. Subsequently, Wells Fargo moved for dismissal of Davis's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. 12, Def.'s Mot. to Dismiss, 1–2.

On January 23, 2020, the Court dismissed Davis's complaint based on her failure to state a claim. *See* Doc. 22, Mem. Op. & Order, 6–7. However, the Court provided Davis with an opportunity to amend her complaint. *Id.* at 7–8.

Accordingly, on January 31, 2020, Davis filed an amended complaint, which alleges a wrongful foreclosure claim against Wells Fargo and asks the Court to set aside the foreclosure sale; enter a declaratory judgment declaring the foreclosure sale invalid; and award Davis court costs and attorneys' fees. Doc. 23, Pl.'s Am. Original Pet., 2–3.

On February 12, 2020, Wells Fargo filed a motion for judgment on the pleadings (Doc. 24). Davis has not responded to the motion, and the time to do so has passed. Thus, Wells Fargo's motion is now ripe for review.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III.

### ANALYSIS

As a preliminary matter, the Court notes that Davis has abandoned her claims by failing to respond to Wells Fargo's motion. *See Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, 689 F. App'x 253, 256 n.8 (5th Cir. 2017) (per curiam) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *Brackens v. Ocwen Loan Servicing, LLC*, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) (same). But even assuming Davis did not abandon her claims, the Court concludes that she has failed to state a claim upon which relief may be granted, as discussed below.

A. *Davis Fails to Allege Facts Sufficient to Sustain her Wrongful Foreclosure Claim.*

In her amended complaint, Davis brings a wrongful foreclosure claim premised upon Wells

Fargo's "failure to obtain an appropriate bid price and to provide [Davis] with proper notice at the foreclosure sale . . . ." Doc. 23, Pl.'s Am. Original Pet., 2. However, Wells Fargo points out that Davis's wrongful foreclosure claim fails, as she has not alleged that a foreclosure actually took place. Doc. 24, Def.'s Mot., 3–4.

The Court agrees with Wells Fargo. To state a wrongful foreclosure claim, Davis must allege that foreclosure took place. *See Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (citations omitted) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure."). Here, Davis alleges only that Wells Fargo was "attempting" to sell Davis's property "on March 5, 2019, through a foreclosure sale." Doc. 23, Pl.'s Am. Original Pet., 2. But as Wells Fargo notes, Davis does not "assert[] that a foreclosure occurred." Doc. 24, Def.'s Mot., 4. Accordingly, the Court **DISMISSES** Davis's wrongful foreclosure claim.

B.   *Davis Does Not Allege Facts Sufficient to Warrant Setting Aside the Foreclosure Sale.*

Davis asks the Court to set aside the alleged foreclosure sale based upon the sale "being improperly held," a lack of notice, and an inadequate price obtained at the sale. Doc. 23, Pl.'s Am. Original Pet., 2.

For the Court to set aside a foreclosure sale, the plaintiff "must tender the amount owed on the mortgage." *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1461974, at *4 (N.D. Tex. Apr. 14, 2014) (citation omitted); *see also Braley v. BAC Homes Loans Servicing, LP*, 2011 WL 13233558, at *6 (N.D. Tex. July 8, 2011) (citation omitted).

In her amended complaint, Davis does not allege that she has tendered the amount owed on her mortgage. *See generally* Doc. 23, Pl.'s Am. Original Pet. Thus, even putting aside the issue of whether a foreclosure actually occurred, Davis has not alleged facts to support setting aside the

foreclosure sale. Thus, the Court **DISMISSES** Davis's claim asking the Court to set aside the foreclosure sale.

C.   *Because the Court Dismisses All of Davis's Causes of Action, her Claims for Declaratory Relief and Attorneys' Fees Fail.*

Finally, Davis asks the Court to declare the foreclosure sale void and to award Davis attorneys' fees. *Id.* at 2–3.

"Because a declaratory judgment is 'remedial in nature,' where all of a plaintiff's causes of actions are dismissed, a related declaratory judgment claim should also be dismissed." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 250 (5th Cir. 2015) (per curiam) (citation omitted); *see also Spence v. Flagstar Bank, F.S.B.*, 2016 WL 236027, at *4 (N.D. Tex. Jan. 20, 2016) (citation omitted).

Likewise, the Court cannot award attorneys' fees to an opposing party "unless such recovery is provided for by statute or by contract between the parties." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (citations omitted). Davis has pointed to neither a statute nor a contract that entitles her to attorneys' fees. *See* Doc. 23, Pl.'s Am. Original Pet., 2–3. Accordingly, the Court **DISMISSES** Davis's claims for declaratory relief and attorneys' fees.

## IV.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion (Doc. 24). Further, because Davis has now received two opportunities to plead her case, has abandoned her claims, and has not sought leave to amend her complaint again, the Court **DISMISSES** Davis's claims **WITH PREJUDICE**.

SO ORDERED.

SIGNED: April 5, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE